UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW O. WETZEL                                              CIVIL ACTION

VERSUS                                                        NO. 09-0128

HAMMOND POLICE DEPT., HAMMOND                                 SECTION: "D"(4)
CITY, GORDON ANDERSON, THOMAS
MUSHINSKY, MICHAEL S. THOMPSON

# REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. On February 12, 2009, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 5. The plaintiff was sworn prior to testifying. A cassette tape recording of the hearing is being placed in the custody of the Court Recording Unit along with a copy of this Report and Recommendation.

## I. Factual Summary

### A. The Complaint

The plaintiff, Andrew O. Wetzel ("Wetzel"), is an inmate incarcerated in the St. Tammany Parish Jail ("STPJ"). He filed this *pro se* and *in forma pauperis* complaint against the Hammond Police Department, the City of Hammond, Marshal Gordon Anderson, Police Officer Thomas Mushinsky, and Lieutenant Michael S. Thompson challenging the conditions of his confinement while temporarily housed in a cell at the Hammond Police Department.

Wetzel alleges that the jail does not have written rules and policies for running the jail. He also alleges that he is locked in his cell 24 hours a day, seven days a week without indoor or outdoor exercise. He further claims that he remains in handcuffs and shackles in a cell he shares with other inmates. As a result, Wetzel seeks an order correcting these conditions and $5000 in damages.

### B. The *Spears* Hearing

Wetzel testified that he was taken to court in Hammond, Louisiana. He was placed in a holding cell at the St. Tammany Parish Jail with another inmate who punched him. He stated that he was unable to defend himself, because he was handcuffed and shackled. He also complained that he was only charged with a misdemeanor telephone harassment charge. He testified that the charge was eventually dismissed after the court hearing.

He further testified that he named Gordon Anderson as defendant because he was the Hammond City Marshal who transported him. Wetzel claimed that Anderson failed to remove the handcuffs and shackles. Wetzel acknowledged that the prison officials took him into custody and placed him in the cell with the shackles and cuffs still in place. He also claims that Anderson should have filed a charge on his behalf about being hit by the other inmate.

Wetzel also testified that he filed suit against Officer Mushinsky because he refused to remove the handcuffs and shackles. Wetzel stated that the officer indicated that he could not do so because they were put on by him by the Marshal. He complains that Mushinsky should not have placed him in the cell with the cuffs and shackles on and therefore should be held responsible.

Wetzel further claimed that he named Lieutenant Thompson as a defendant, because he was at the jail and failed to supervise the other officers. Wetzel complains that he tried to speak with Thompson to no avail. He filed suit against him for failing to supervise and for failing to respond to his complaints.

Wetzel advised the Court that he was first placed in the jail in 2007, at which time the conditions of his confinement were poor. He also testified that he was again in the jail in November of 2008. He stated further that he seeks damages for a chipped tooth and any other relief the court sees fit to award.

## II. **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Claims Against the Hammond Police Department and the City of Hammond

Wetzel filed suit against the Hammond Police Department, the location of the cell in which he was held pending his court appearance, and the City of Hammond. He does not set forth any particular allegations against the police department or the City. The claims against these defendants are frivolous and otherwise fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). A police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). The Hammond Police Department is not a "person" for purposes of § 1983 liability. Under these circumstances,

all claims against the Hammond Police Department must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted.

Wetzel also names the City of Hammond, as if it is responsible for the alleged events that occurred at the Hammond Police Department. Wetzel, however, has failed to allege facts that could result in liability against the City of Hammond.

Local governing bodies are "persons" within the meaning of § 1983 and therefore, are subject to suit under that provision. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.*

However, actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute an official policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir.1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See*, *e.g.*, *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir.2003). A plaintiff also must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Wetzel has failed to identify a city policy or allege that a city policy caused the alleged violations he asserts in the manner contemplated by *Monell*. In fact, Wetzel alleges that the police department had no written policies to be followed. Clearly, no city policy was violated or could have led to his injuries. Consequently, Wetzel's claims against the City of Hammond should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

### B. Claims Against Anderson, Mushinsky, and Thompson

Wetzel also names a city marshal, Gordon Anderson, as a defendant for failing to remove the transport handcuffs and shackles before he was placed in the holding cell. Wetzel also alleges that he was denied exercise while in the jail.

#### 1. Failure to Remove Constraints and Protect Plaintiff from Attack

"'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). As a result, a practice that limits or restricts a prison inmate's constitutional rights may be necessary "to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry." *Bell v. Wolfish*, 441 U.S. 520, 545-47 (1979). A policy or practice that "impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). If the regulation is valid, the reviewing court should defer to the expertise of prison officials when deciding whether a particular policy or practice is necessary to "preserve internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547.

In this case, Wetzel alleges that he was transported temporarily to the cell at the Hammond Police Department for a court appearance. The need for handcuffs and shackles to transport him there was a legitimate security interest. *See Miller v. Williams*, No. 03-913, 2005 WL 1353336, at *4 (D. Del. Jun. 7, 2005).

Furthermore, at the *Spears* Hearing, Wetzel conceded that Anderson turned him over to the custody of officers at the Hammond Police Department and did not actually place him in the holding cell where he was struck by the other inmate. Thus, beyond properly securing him in transport, Wetzel has not demonstrated a legal theory on which to hold Anderson liable under § 1983 for the failure to remove his constraints before placing him in the cell or for the attack in the cell.

The court recognizes that, at the time of the alleged violations, Wetzel was a pretrial detainee. Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir.1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). The distinction is primarily one of formality, however, because to determine whether a pretrial detainee's rights have been violated under the Fourteenth Amendment, the court applies an analysis identical to that applied in Eighth Amendment cases. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

The plaintiff, therefore, must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety or his need for protection. *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995). An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v.*

*Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In addition, proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under § 1983. A supervisory official, like Lieutenant Thompson, can not be held liable pursuant to § 1983 under any theory of *respondent superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker,* 602 F.2d 1205, 1210 (5th Cir.1979). Lieutenant Thompson cannot be held liable simply because he was supervisor at the jail.

Instead, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir. 1981) (*citing Watson v. Interstate Fire & Cas. Co.,* 611 F.2d 120 (5th Cir.1980)). As discussed above, an episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996).

Here, Wetzel does not allege that any of the named defendants had personal knowledge of any danger to him or that the attack by another inmate would occur. Most significantly, Wetzel has not alleged that Anderson, Mushinsky, or Thompson personally and intentionally acted in any way in violation of his constitutional rights.

To the extent Wetzel claims that any of the named defendants acted negligently in the failure to remove his restraints, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare*, 74 F.3d at 641-42, 646; *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indep. Sch. Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Having failed to allege a basis for liability under § 1983 arising from his confinement in a holding cell while wearing restraints, Wetzel's claims must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e.

    **2.**    **Denial of Exercise**

Finally, to the extent Wetzel claims that he was denied exercise while temporarily housed in the jail, his claims are also frivolous.

Inmates have no protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a *per se* constitutional violation." *Lewis v. Smith*, 277 F.3d 1373,

No. 00-31371, 2001 WL 1485821, at *1 (5th Cir. 2001) (Table, Text in Westlaw) (citing *Stewart v. Winter*, 669 F.2d 328, 336 n.19 (5th Cir. 1982); *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977)); *accord Sampson v. Corrs. Corp.*, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009) (citing *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Beck v. Lynaugh*, 842 F.2d 757, 762 (5th Cir. 1988); *Lato v. Attorney Gen.*, 773 F. Supp. 973, 978 (W.D. Tex. 1991)). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 WL 1485821, at *1 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)).

Thus, to succeed on a claim under § 1983 for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of any health hazard under the specific circumstances involved." *Ruiz*, 679 F.2d at 1152; *accord Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, 1994 WL 144882, at *4 (5th Cir. Apr. 15, 1994); *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986). Wetzel has not alleged the existence of any health hazard as a result of a lack of exercise during his temporary stay in the holding cell.

Furthermore, to state a claim under § 1983, the plaintiff must also allege an actual injury caused by defendants' acts. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (claims properly dismissed when plaintiff failed to allege sufficient causal connection between defendants' conduct and the claimed assault, and when plaintiff did not allege constitutional harm); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 (5th Cir. 1988) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)) (§ 1983 is designed to compensate persons for actual injuries caused by deprivation of constitutional rights); *Jefferson v. City of Hazelhurst*, 936 F. Supp. 382,

386 (S.D. Miss. 1995) (To state a claim under § 1983, a plaintiff must plead "a direct causal connection . . . without intervening factors, between the deprivation and some injury to plaintiff.").

Wetzel has identified no particular injuries suffered as a result of lack of exercise opportunities. He has not alleged either that he was totally deprived of exercise for any significant time period or that he suffered any physical injury or violation of his constitutional rights of any kind as a result of the alleged limitations on exercise. *Ordaz*, 1994 WL 144882, at *4 (plaintiff failed to state a constitutional violation resulting from denial of recreation when he failed to allege health impairment or physical injury); *see Hernandez*, 522 F.3d at 560 (inmate who alleged that he was deprived of outdoor and out-of-cell exercise for thirteen months while in lockdown and that he suffered muscle atrophy, stiffness, loss of range of motion, and depression failed to show either that he was placed at substantial risk of serious harm or that he suffered a serious illness or injury sufficient to constitute an Eighth Amendment violation).

Wetzel's claims of denial of exercise opportunities must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Wetzel's § 1983 claims against the defendants, the Hammond Police Department, the City of Hammond, Marshal Gordon Anderson, Police Officer Thomas Mushinsky, and Lieutenant Michael Thompson, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 7th day of January, 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.